**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4010**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ERIC V. WELLS, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (3:08-cr-00215-RLW-1)

Submitted: May 18, 2009        Decided: June 12, 2009

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David R. Lett, Richmond, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Michael A. Jagels, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric V. Wells, Jr., appeals his conviction by a jury of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006); and one count of possession of marijuana, in violation of 21 U.S.C. § 844 (2006). We affirm.

Wells does not challenge the marijuana conviction on appeal. He argues only that the district court erred in denying his motion for a judgment of acquittal on the gun charge because the evidence was insufficient to sustain the jury's verdict. This court reviews de novo a district court's denial of a motion for a judgment of acquittal. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). In conducting such a review, we are obliged to sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (citing Glasser v. United States, 315 U.S. 60, 80 (1942)). We have "defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" Alerre, 430 F.3d at 693 (quoting Burgos, 94 F.3d at 862). We "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences

2

from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

In evaluating the sufficiency of the evidence, we do not assess the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the Government. United States v. Brooks, 524 F.3d 549, 563 (4th Cir.), cert. denied, 129 S. Ct. 519 (2008). We "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks and citation omitted).

In order to establish a violation of 18 U.S.C. § 922(g)(1), the Government must prove the defendant was a convicted felon; he knowingly possessed the firearm; and the firearm traveled in interstate commerce. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001); United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). Here, the parties stipulated that Wells was a convicted felon and that the firearm had the requisite interstate commerce nexus. The disputed issue, therefore, is whether the evidence established that Wells possessed the firearm. Possession may be actual, constructive, or joint. Gallimore, 247 F.3d at 136-37.

At Wells' trial, two officers testified they saw Wells toss a gun to another man. When the gun was recovered, the officers identified it as the same gun they saw Wells discard. Viewing this evidence in the light most favorable to the government, we conclude without difficulty that it provided an ample basis to support the jury's verdict.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED